## WILLIAM KENNISON v. S. S. HAW.[1]

December 26, 1913.

Nos. 18,275—(158).

**Findings sustained by evidence.**
Evidence considered and *held* to sustain the findings of the trial court.

Action in the municipal court of Minneapolis to recover $135 upon two promissory notes. The case was tried before C. L. Smith, J., who made findings and ordered judgment in favor of defendant for $5.53. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Jay W. Crane,* for appellant.
*H. F. Woodard,* for respondent.

BROWN, C. J.

Action to recover upon two promissory notes in which defendant interposed a counterclaim for the value of services rendered by him for plaintiff in the sale of land. The making of the notes was admitted, and the court found that defendant was entitled to recover under his counterclaim, the amount of which exceeded plaintiff's claim by $5.53, for which judgment was ordered in defendant's favor. Plaintiff appealed from an order denying a new trial.

The only question presented by the assignments of error is whether the findings of the trial court are sustained by the evidence. Our ex-

[1] Reported in 144 N. W. 452.

amination of the record leads to the conclusion that the evidence is sufficient. It is conflicting. Defendant testified that in January, 1910, he entered into an arrangement with plaintiff for the sale of land then owned by plaintiff in the state of Florida, and that plaintiff then agreed to pay him a certain commission for sales made. He further testified that he procured purchasers, reported them to plaintiff, who completed the sales. Plaintiff expressly denied this agreement. He testified that he owned no land in Florida at the time stated, and did not agree with defendant to pay him a commission for the sale of any such land. He, however, admitted that in May, 1910, he acquired some land in that state for a corporation, of which he and his son were in sole control as stockholders, and that some time after the formation of the corporation he arranged with defendant to sell some of the land. But he insisted that the transaction was made in behalf of the corporation. There is no dispute that defendant made certain sales, and that he was entitled to compensation therefor. The evidence stated presented a disputed question for the trial court. Defendant insisted that he was working for plaintiff, while plaintiff insisted he was working for the corporation.

Order affirmed.